798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles SCHINDLER; Mary Schindler, Individually and as Next
Friend of Karl Michael Schindler, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 85-1162.
 United States Court of Appeals,
Sixth Circuit.
 July 22, 1986.
 
 Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiffs appeal from judgment for the defendant following a bench trial in this Federal Tort Claims Act case. The plaintiffs are the next friend and parents of their minor son, Karl Michael Schindler, who developed poliomyelitis after taking Sabin trivalent live oral polio vaccine. The plaintiffs contended that the testing of the Sabin vaccine did not meet the licensing requirements of the applicable regulations of the Department of Health, Education and Welfare. The issue raised by the plaintiff concerned the manner in which the agency determined that the Sabin vaccine met the licensing requirements. The regulations required that "poliovirus strains" not be used in the manufacture of live oral vaccine unless "data are submitted to Director Office of Biologics Research and Review which establish that each such strain is free of harmful effect upon administration in the recommended dosage to at least 100,000 [later raised to one million] people susceptible to poliomyelitis, under circumstances where adequate epidemiological surveillance of neurological illness has been maintained ...." The plaintiffs argued that this regulation required the actual testing of 100,000 [or one million] susceptible people by blood tests. The Position of the government was that the regulation was satisfied by "seriologic sampling," that is, blood tests on a statistically significant number of susceptible persons.
 
 
 2
 The district court found that seriologic sampling satisfied the requirements of the regulation on the basis of testimony by three members of the committee that had recommended the requirements included in the regulations and the testimony of the plaintiffs' expert witness that this was a reasonable interpretation of the regulations. The district court also found that the vaccine in question had been found safe both on the basis of the 1961 regulation requiring data based on at least 100,000 susceptible people as well as the 1968 amended regulation previously referred to requiring data based on administration to at least one million such people. There was a dispute between the parties as to whether certain testing in the Soviet Union and other Eastern European countries was sufficiently reliable to provide the required data.
 
 
 3
 On appeal the plaintiffs argue that the district court's finding that the regulations allow the determination of susceptibility by seriologic sampling is clearly erroneous and that the finding that the requirements of the regulation had been met prior to June 1, 1975 is likewise clearly erroneous. Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that both findings of the district court are amply supported in the record and are not clearly erroneous. To the degree that the issue of the requirements of the regulations might be considered a mixed question of law and fact, the court further concludes that the reading of the regulations by the district court, being the interpretation adopted by the agency charged with administration of the regulations, is not incorrect as a matter of law.
 
 
 4
 The judgment of the district court is affirmed.